51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eric DAVIS, Plaintiff, Appellant,
v.
NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS, Defendant, Appellee.
 No. 94-2032
 United States Court of Appeals,
First Circuit.
 April 5, 1995.
 
 Appeal from the United States District Court for the Distrcit of New Hampshire [Hon. Martin F. Loughlin, Senior U.S. District Judge ]
 Eric Davis on brief pro se.
 Jeffrey R. Howard, Attorney General, and Lucy C. Hodder, Assistant Attorney General, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eric Davis, a New Hampshire inmate, brought this action under 42 U.S.C. Sec. 1983 alleging that his due process rights had been violated in connection with a prison reclassification hearing. From an award of summary judgment for defendants (who are two classification board members sued in their personal capacities), he now appeals. Plaintiff's contention that material facts remain in dispute proves mistaken. Although we read the record and indulge all inferences in a light most favorable to the non-moving party, see, e.g., Vasapolli v. Rostoff, 39 F.3d 27, 32 (1st Cir. 1994), "the adverse party cannot defeat a well-supported motion"-as plaintiff has attempted to do here-"by 'rest[ing] upon the mere allegations or denials of [his] pleading.' " Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1159 (1st Cir. 1994) (quoting Fed. R. Civ. P. 56(e)). As a result, defendants' evidence-to the effect that the reclassification hearing was held on November 3, 1993 with plaintiff in attendance-is undisputed for Rule 56 purposes, warranting judgment in their favor. Moreover, for the reasons recited by the district court, we agree that defendants would be entitled to qualified immunity even if a de minimis constitutional violation were deemed to have occurred.
 
 
 2
 Affirmed.